IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| FIRST EVANGELICAL LUTHERAN CHURCH OF LINCOLN, NEBRASKA, a non-profit corporation,<br><br>Plaintiff,<br><br>vs.<br><br>BROTHERHOOD MUTUAL INSURANCE COMPANY, an Indiana company,<br><br>Defendant. | **4:23CV3180**<br><br>**MEMORANDUM AND ORDER** |

This matter is before the Court on Plaintiff's motion for leave to supplement its expert disclosures to designate meteorologist John Choquette. Filing No. 84. Plaintiff contends the death of Rocco Calaci, a licensed meteorologist whose report was relied on by one of Plaintiff's designated experts, was an unforeseen circumstance warranting good cause to amend progression. Filing No. 85. Alternatively, Plaintiff argues "designation of a substitute meteorologist" is simply a supplement to the already disclosed meteorological report and is permitted under Rule 26(e). *Id*. For the reasons below, the motion will be granted in part and denied in part.

## FACTS

Plaintiff, First Evangelical Lutheran Church, filed the present lawsuit on September 27, 2023, relating to an insurance claim for alleged hail damage on its

1

property. Filing No. 1. After motions practice, the Court entered a Final Progression Order on August 1, 2024. Filing No. 25. This order required Plaintiff to identify expert witnesses by December 17, 2024, and provide complete expert disclosures by January 9, 2025. Filing No. 25. Plaintiff timely identified and disclosed experts on these dates. Filing Nos. 32 and 39. Thereafter, the Final Progression Order was amended for various reasons. Filing Nos. 44, 47, 53, 57, and 60. A review of these orders illustrates the last expert deadline, Plaintiff's rebuttal, expired on July 17, 2025. Filing No. 57. At the time of this order, all deadlines in the Court's final progression orders have run and the case is set for trial to begin on July 13, 2026. Filing No. 62.

One of Plaintiff's timely designated experts is Matthew Merrell, an engineer. Filing No. 94. As part of his investigation and report, Merrell reviewed a meteorological report prepared by Rocco Calaci. Filing No. 91-3. Merrell's first report was dated September 13, 2021 and later supplemented in July 2025. Filing No. 91-3. Calaci was not independently disclosed as an expert. Unbeknownst to the parties, Calaci passed away in June 2024. Plaintiff filed the present motion for leave to file supplemental expert disclosures on March 3, 2026. Filing No. 84. Plaintiff requests leave to supplement its expert disclosures to identify a different meteorologist, John Choquette, to provide testimony as to storm conditions on the date in question. Choquette's report is dated March 10, 2026, and was provided to Defendant after the filing of the present motion. Filing No. 91-4. A declaration from Merrell has been submitted as part of this motion.[1] Filing No. 94 at 6.

---

[1] Defendant contends the arguments and evidence submitted as part of Plaintiff's reply is in violation of NECivR 7.1(c)(2) and urges the Court not to consider these materials. While the Court does not look fondly upon Plaintiff's contravention of this Court's local rules, the Court has broad discretion when determining whether improper submissions should be considered. Based on the facts and circumstances of the present motion, including Defendant's opportunity to file a sur-reply, the Court will consider Plaintiff's reply brief and index in support. *See Abarca v. Werner Enters., Inc.*, 774 F. Supp. 3d 1125, 1141 (D. Neb. 2025).

ANALYSIS

1.    Rule 16

"Adherence to progression order deadlines is critical to achieving the primary goal of the judiciary: 'to serve the just, speedy, and inexpensive determination of every action.'" *Marmo v. Tyson Fresh Meats, Inc.*, 457 F.3d 748, 759 (8th Cir. 2006) (quoting Fed. R. Civ. P. 1). "Accordingly, the district court has broad discretion in establishing and enforcing the deadlines." *Id.* (citing Fed. R. Civ. P. 16). Under Rule 16, a schedule (such as the case-progression and trial-setting order at issue in this case) may be modified only for good cause and with the judge's consent. Fed. R. Civ. P. 16(b)(4). "The primary measure of good cause is the movant's diligence in attempting to meet the order's requirements." *Sherman v. Winco Fireworks, Inc.*, 532 F.3d 709, 716-17 (8th Cir. 2008); *Bradford v. DANA Corp.*, 249 F.3d 807, 809 (8th Cir. 2001).

Here, Plaintiff has failed to show good cause warranting amendment of the Court's final progression orders. Filing Nos. 25, 44, 47, 53, 57. First, by Plaintiff's own admission, Calaci died in June 2024. Filing No. 85 at 3. This is approximately six months *before* Plaintiff's deadline to identify expert witnesses. Filing No. 25 (setting December 17, 2024 deadline for Plaintiff to identify experts). While no evidence was presented[2] as to when Plaintiff learned of his death, in essence Plaintiff claims to have "identified" an expert who was already dead. Despite various other extensions to case progression, including expert deadlines, Plaintiff did not recognize Calaci[3] as a problem.

---

[2] Plaintiff's briefing states that "[u]pon learning of Mr. Calaci's death, Plaintiff immediately set to retain a substitute meteorologist." Filing No. 85 at 7. Plaintiff further states they learned of Mr. Calaci's death when attempting to obtain a declaration in conjunction with Defendant's motion in limine. Filing No. 93 at 4. No evidence was presented as to this issue.

[3] Apparently neither party requested a deposition of Calaci as such request would have disclosed his passing.

3

Which leads to the next point, Plaintiff apparently did not designate Calaci, or any meteorologist, as an expert witness at all.[4] It cannot be said that Choquette is a "substitute" for an expert that was never named. Rather, as discussed by Plaintiff, Plaintiff intended to introduce Calaci's meteorological data through Merrell under Federal Rule of Evidence 703. Filing No. 85 at 3. This approach has now become the subject of a motion in limine before this Court. *See* Filing No. 68. Likewise, Plaintiff frames Calaci as a fact witness, rather than an expert. Filing No. 93 at 4. Plaintiff cannot demonstrate diligence in meeting this Court's deadlines when Plaintiff opted to disregard the expert deadlines for strategic reasons. On these facts, the undersigned simply cannot find that good cause exists for reopening the expert disclosure deadline to allow Plaintiff's new disclosure. Thus, Plaintiff cannot now designate Choquette under Rule 26(a)(2)(B).

2.   Rule 26(e)

"A party must disclose expert opinions 'at the times and in the sequence that the Court orders.'" *U.S. v. Stable, Inc.*, 800 F.3d 476, 487 (8th Cir. 2015) (quoting Fed. R. Civ. P. 26(a)(2)(D)). Under Rule 26(e), a party has a general duty to supplement disclosed information "in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect." Fed. R. Civ. P. 26(e)(1)(A). For an expert whose report must be disclosed under Rule 26(a)(2)(B), "any additions or changes must be disclosed by the time the party's pretrial disclosures under Rule 26(a)(3) are due." Fed. R. Civ. P. 26(e)(2). Thus, unless otherwise ordered by the Court, supplemental disclosures must be disclosed at least 30 days before trial. Fed. R. Civ. P. 26(a)(3)(B). A supplemental report must not materially alter an expert's original report. *Williams v. TESCO Services, Inc.*, 719 F.3d 968, 976 (8th Cir. 2013). However, it may update "a

---

[4] Plaintiff does not contest this point, however, neither party submitted a copy of Plaintiff's expert disclosures.

previously-disclosed assessment ... based on additional information." *Kahle v. Leonard*, 563 F.3d 736, 741 (8th Cir. 2003).

Defendants adamantly contend that Rule 26(e) does not apply, and that any disclosure of Choquette is governed by Rule 16. Filing No. 90 at 17. To the extent that Plaintiff seeks to "supplement" Choquette as an expert independent of Merrell, the Court agrees. Designating Choquette as a new expert would be a new disclosure, rather than a supplement, requiring a modification of the Court's progression order under Rule 16. As discussed above, there is no good cause for such modification.

However, the Court finds Merrell's reliance on Choquette's report, rather than Calaci's, as to the meteorological conditions on the date in question is a proper supplement to Merrell's report under Rule 26(e). First, there is not a Court imposed deadline as to supplementation, so supplemental disclosures must be disclosed at least 30 days before trial, or, in this case, before June 13, 2026. *See* Filing No. 62 (Order setting trial for July 13, 2026). Therefore, a supplement to Merrell's report is timely.

Second, the replacement of Calaci with Choquette does not materially alter Merrell's report or opinions. Rather, Merrell attests that Choquette's report is consistent with Calaci's report, based on the same or similar data sources, and the same or similar meteorological methodology. Filing No. 94 at 6-7. As the meteorological facts upon which Merrell relied did not change, his engineering opinion did not change as a result of Choquette's report. Filing No. 94 at 7. Thus, Merrell's opinion has not expanded and is not based on new theories. *See Shipp v. Murphy*, 9 F.4th 694, 702 (8th Cir. 2021). The cases upon which Defendant relies exclusively address instances in which the "supplement" is comprised of the named expert altering their underlying opinion or disclosing a new opinion altogether. *See Wells v. Lamplight Farms, Inc.*, 303 F.R.D. 530, 536-537 (N.D. Iowa 2014) (discussing the formulation of additional opinions); *GenoSource, LLC v.*

*Secura Ins.*, 637 F. Supp. 3d 633 (N.D. Iowa 2022) (same); *Petrone v. Werner Enters. Inc.*, 940 F.3d 425, 434 (8th Cir. 2019) (expert's substantial revisions to report to address identified flaws was appropriately characterized as a new, distinct report). That is simply not the case here.

The authority Plaintiff cites is similarly unhelpful. Those cases involve the death of someone who was already identified as an expert under Rule 26(a) – which is also not the case here. *See* Shipp, 9 F.4th at 702. (affirming district court's finding of good cause to modify an expert deadline pursuant to Rule 16(b) when a previously disclosed expert died); *Morel v. Daimler-Chrysler Corp.*, 259 F.R.D. 17, 20 (D.P.R. 2009) (finding late disclosure of expert substantially justified when necessitated by previous expert's death); *Crandall v. Hartford Cas. Ins. Co.*, No. CV 10-00127-REB, 2012 WL 6086598, at *2 (D. Idaho Dec. 6, 2012) (noting good cause to extend disclosure deadline when previously identified expert died).

Thus, to the extent Plaintiff seeks to supplement Merrell's report to include his reliance on Choquette, as opposed to Calaci, the undersigned finds no issue.[5] However, any testimony by Merrell relying on Choquette's report is still subject to the rules of evidence and the pending motion in limine. Plaintiff is not permitted to identify Choquette as an independent expert under Rule 26(a)(2)(B).

Accordingly,

IT IS ORDERED:

1. Plaintiff's motion to supplement its expert disclosures, Filing No. 84, is granted in part and denied in part as set forth herein.

---

[5] Plaintiff's "supplemental expert identification" submitted with its motion, Filing No. 85-1, is more akin to an expert identification under Rule 26(a)(2)(B), which the Court determined is not permitted. A proper supplementation under Rule 26(e) is to Merrell's report.

2. If either party believes supplemental briefing relating to Defendant's motion in limine, Filing No. 65, is necessary based upon the ruling herein, they should file a separate motion requesting leave to do so.

Dated this 8th day of April, 2026.

BY THE COURT:


*s/ Jacqueline M. DeLuca*

United States Magistrate Judge

7